**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-30877
Summary Calendar

ANDRE P. NEFF,

Plaintiff-Appellant,

VERSUS

KRISTINA FORD; CITY OF NEW ORLEANS, through The City
Planning Commission of the City of New Orleans,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-362-7N)

November 10, 1998

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant, André Neff, filed suit against his
employer, the City Planning Commission of the City of New
Orleans, and his supervisor, alleging unlawful age and sex
discrimination under federal and state law and intentional
infliction of emotional distress. A jury returned a verdict
which found the City liable on the intentional infliction of
emotional distress claim, but awarded no damages. Neff now

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeals, arguing that the district court abused its discretion by (1) denying his motion for a continuance and (2) excluding all the parties' witnesses and exhibits from the trial. Neff also contends that inconsistencies in the jury verdict require remand and a new trial. None of Neff's arguments has merit. We affirm.

We review the district court's denial of Neff's motion for a continuance for an abuse of discretion.[2] "When the question for the trial court is . . . whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."[3] Because Neff has not shown prejudice to his "substantial rights," we refuse to substitute our judgment for that of the district court.[4] The district court did not abuse its discretion in refusing to grant the continuance.

We also review for an abuse of discretion the district court's decision to enforce its scheduling order by striking all the parties' witnesses and exhibits.[5] We allow trial courts "broad discretion to preserve the integrity and purpose of the

---

[2] *Fontenot v. Upjohn*, 780 F.2d 1190, 1193 (5th Cir. 1986).

[3] *Id.*

[4] *See id.* at 1194.

[5] *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). In *Geiserman*, we stated that "a trial court's decision to exclude evidence as a means of enforcing a pretrial order must not be disturbed absent a clear abuse of discretion." *Id.* (internal quotation and citation omitted).

2

pretrial order."[6]  A trial court may sanction a party's failure to comply with a scheduling order by excluding evidence.[7]  In exercising its discretion to exclude such evidence, the trial court should consider (1) the explanation, if any, for the party's failure to comply with the scheduling order; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence.[8]  In the instant case, both parties consistently failed to comply with the court's scheduling order by submitting witness and exhibit lists late.  In fact, Neff, without leave of court, filed his witness list thirty-one days after the deadline for submitting such a list and two days after the deadline for completing all discovery.  In response to the parties' transgressions, the district court struck all parties' witness and exhibit lists and allowed only the parties to the action to testify at trial.  In making this determination, the district court carefully considered the factors outlined above. Therefore, while the district court's action may have been harsh, it was not an abuse of discretion.

With respect to Neff's contention that he is entitled to a new trial, it is our duty to reconcile, if possible, apparent conflicts in a jury's answers to interrogatories to validate the

---

[6]     *Id.* (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)).

[7]     FED. R. CIV. P. 16(f).

[8]     *Geiserman,* 893 F.2d at 791.

3

jury verdict.[9]  "The touchstone in reconciling apparent conflict is whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted."[10]  If we cannot reconcile the answers "after a concerted effort," we must grant a new trial.[11]  In the case at bar, however, reconciling the jury's answers poses no difficulty.  It is quite possible for a jury, after considering all the evidence, to find the existence of liability without damage.  We will therefore not disturb the jury's verdict.

AFFIRMED.

---

[9]     *Federal Deposit Insurance Corp. v. Munn*, 804 F.2d 860, 866 (5th Cir. 1986).

[10]     *White v. Grinfas*, 809 F.2d 1157, 1161 (5th Cir. 1987) (internal quotation and citation omitted).

[11]     *Federal Deposit Insurance Corp.*, 804 F.2d at 866 (citation omitted).

4